MILDRED R. JACKSON, complainant-respondent,

*v.*

RICHARD P. JACKSON, defendant-appellant.

[Submitted May 28th, 1948.  Decided September 3d, 1948.]

*Mr. John J. Clancy,* for the defendant-appellant.

*Mr. Samuel Rosenthal,* for the complainant-respondent.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from an order of the Court of Chancery, dated March 8th, 1948, which directed that the defendant-appellant be confined in the Essex County jail for contempt of court until such time as he paid to respondent or her counsel $932.05, plus costs and a fine of $1.  He had previously, on the petition of the wife, been found guilty of contempt.

This case was here at the February term, 1947.  The Court of Chancery, under date of June 4th, 1946, made an order fixing the support to be paid the wife and two children at $35 a week.  On May 15th, 1947, this court handed down its decision on reducing the allowance to $30 a week.  Pending

the appeal the appellant had been paying his wife only $20 a week and consequently fell considerably in arrears of payments of $30 a week from July, 1946. On November 2d, 1947, the wife filed a petition to have him adjudged in contempt and on December 2d, 1947, on this petition and affidavits an order was made adjudging him in contempt and ordering his confinement in jail. This order contained a provision "that no warrant for the apprehension of the said defendant shall issue until the further order of this court, and, that, if proof be made to this court after sixty days following the date hereof, that the said defendant Richard P. Jackson shall have failed and neglected to pay the said sums, the complainant may take an order without notice that a warrant issue for commitment of the defendant as aforesaid."

Thereafter the defendant paid the $30 per week and $5 per week on account of the arrears. Notice was given February 18th, 1948, of an application on March 8th for an order for the issuance of a warrant. The parties again filed affidavits, the defendant protesting his inability to pay more than he had paid and alleging his wife was in receipt of $56 a week earnings in addition to the $35 he had been paying her, making her total weekly income $91. The court then made the order for a warrant now appealed from.

No appeal was taken from the order of December 2d, 1947, adjudging appellant in contempt, but the appeal is from the order directing his commitment upon the finding of guilt theretofore had. The matters sought to be urged on this appeal, having to do, as they do, with the financial ability of the appellant to meet the requirements of the orders he is under, are such as go to the propriety of a judgment of guilty of contempt, and not to the matter of an order for punishment.

If this were an appeal from the December 2d order, the appellant might be in position to urge his financial inability to comply with its terms and to seek some modification with respect to payment of the amount in arrears. But, as stated, no appeal was taken from that order and those questions cannot be gone into at this stage of the proceedings.

The order under review is affirmed.

*For affirmance*—The Chief-Justice, Bodine, Donges, Heher, Colie, Wachenfeld, Eastwood, Burling, Jacobs, Wells, Dill, Freund, McLean, Schettino, JJ. 14.

*For reversal*—None.